UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. MENDOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>S. PICKETT, et al.,<br><br>    Defendants. | No. 2:18-cv-0553-EFB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, has filed four discovery-related motions (ECF Nos. 17-20). Defendants oppose the motions. ECF No. 21. For the reasons stated below, the motions are denied.

In the first motion, titled, "motion for discovery," plaintiff filed a request for production of documents. ECF No. 17. Discovery requests, however, shall only be filed with the court if they are at issue. *See* E.D. Cal. Local Rules 250.2-250.4. At this time, there is no court proceeding that requires the court's review of plaintiff's discovery requests. To the extent plaintiff intended to serve defendants with his discovery requests by filing them with the court, the approach is improper. More significant, however, is that the deadline for serving requests for written discovery previously expired on October 11, 2019, rendering plaintiff's requests, dated December 5, 2019, untimely. *See* ECF No. 15 at 4. For these reasons, the motion (ECF No. 17) is denied.

/////

1

In two other motions, plaintiff seeks to depose defendants by written question, specifically citing to Rule 31 of the Federal Rules of Civil Procedure. ECF Nos. 18, 20. Plaintiff is thus aware that Rule 31 outlines the procedures to be followed when seeking to depose by written question and that leave of court is not required. *See* Fed. R. Civ. P. 31. Plaintiff has not complied with those procedures (e.g., sending notice to defendants and the officer taking the deposition, and providing an exact a list of questions), and the time for doing so has now passed. *See* ECF No. 15 at 4 ("All requests for discovery pursuant to Fed. R. Civ. P. 31 . . . shall be served not later than October 11, 2019."). For these reasons, these motions (ECF Nos. 18, 20) are also denied.

Plaintiff also filed a "motion for an order compelling discovery," seeking to compel defendants to respond to discovery requests that plaintiff served on November 5, 2019. ECF No. 19 at 4. Plaintiff's motion is denied because the discovery at issue was not timely served in advance of the October 11, 2019 deadline. To the extent plaintiff seeks to modify the discovery and scheduling order by way of this motion, it too is denied. Without elaboration, plaintiff states that the following portion of the scheduling order was "confusing and contradictory" (*id.*):

> The parties may conduct discovery until December 20, 2019. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than October 11, 2019.

ECF No. 15 at 4. Plaintiff's motions and untimely discovery requests evince an understanding of the Rules governing written discovery that are referenced in the October 11, 2019 deadline. *See* ECF No. 19 at 4 ("Plaintiff submitted these interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure"); *id.* at 7 and 10 (citing to Rules 33 and 34 in his requests for production and interrogatories); ECF No. 20 at 1 (moving the "court for an order pursuant to Federal Rules of Civil Procedure, Rule 31 for Deposition upon written question"). Accordingly, plaintiff's apparent objection to the discovery and scheduling order as "confusing and contradictory" is not well-taken and belied by his own filings. As defendants note, if plaintiff had been confused about the applicable deadlines, he could have demonstrated diligence by timely seeking clarification as to what the October 11, 2019 deadline meant. ECF No. 21 at 3. He failed to take any such action. Thus, plaintiff has failed to demonstrate good cause for modifying the

discovery and scheduling order and this motion is also denied. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's "motion for discovery" (ECF No. 17) is DENIED;
2. Plaintiff's "motion[s] for deposition [by written question]" (ECF Nos. 18, 20) are DENIED; and
3. Plaintiff's "motion for an order compelling discovery" (ECF No. 19) is DENIED.

DATED: February 6, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE